1  ARNOLD D. LARSON, ESQ., SBN 77118
   (alarson@lgl-law.com)
2  JOHN M. GARRICK, ESQ., SBN 108321
   (jgarrick@lgl-law.com)
3  LARSON, GARRICK & LIGHTFOOT, LLP
   801 South Figueroa Street, Suite 1750
4  Los Angeles, California 90017
   Tel.: (213) 404-4100 / Fax: (213) 404-4123
5
6  Attorneys for Plaintiff, DREAMROOM PRODUCTIONS, INC.

FILED
CLERK, U.S. DISTRICT COURT
AUG 11 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAMROOM PRODUCTIONS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUAVEMENTE, INC., a California Corporation; TMP, a business organization, form unknown; THE MEDIA PLANET, a business organization, form unknown; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO:<br>**LACV11-6604 JFW (SSx)**<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT** (Reproduction, Distribution, Public Performance, Public Display);<br>2. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>3. **CONTRIBUTORY COPYRIGHT INFRINGEMENT (including Inducement);**<br>4. **UNFAIR BUSINESS PRACTICES (Cal. B&P Code §17200);**<br>5. **ACCOUNTING** |

Plaintiff, DREAMROOM PRODUCTIONS, INC., ("Plaintiff" or "DREAMROOM") for causes of action against Defendants (collectively "Defendants") Suavemente, Inc., ("SUAVEMENTE" or "Defendant"), and TMP ("TMP" or "Defendant"), The Media Planet ("THE MEDIA PLANET" or "Defendant"), and Does 1-10, alleges as follows:

LARSON, GARRICK & LIGHTFOOT, LLP

1

## INTRODUCTION

1. This is an action by plaintiff Dreamroom Productions, Inc., to recover damages arising from infringement of DREAMROOM's copyrights in its audiovisual works by defendants, misappropriation of the right of publicity, and defendant's unfair business practices under California's Business and Professions Code §17200. Defendants have committed acts of unfair competition by violating 18 U.S.C. 2257 and its governing regulations. DREAMROOM also seeks permanent injunctive relief barring defendants from future infringement and unfair business practices. Among other things, defendants copied, published, distributed and publicly displayed DREAMROOM's copyrighted works by and through the websites http://sukisuki69.com and http://2candys.com.

## PARTIES

2. At all relevant times hereto, Plaintiff Dreamroom Productions, Inc., is and was a California corporation with its principal place of business in Los Angeles, California.

3. Dreamroom Productions, Inc., produces, markets, and distributes entertainment products, including internet website content, videos, DVDs, and photographs.

4. DREAMROOM is the registered owner of numerous copyrights in motion pictures and still images contained on a number of websites operated by non-party DTI Services, Inc., ("DTI WEBSITES"). A number of these copyrighted works make up the subject matter in this action.

5. Plaintiff is informed, believes, and on that basis alleges that Defendant SUAVEMENTE, INC. is a California corporation based in San Diego, CA, doing business as and operating websites at http://sukisuki69.com and http://2candys.com. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants TMP, The Media Planet, and Does 1-10, inclusive, and each of them, are unklnown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes, and on that basis alleges that Defendants TMP, THE MEDIA PLANET, and each Defendant fictitiously named herein as a DOE is together

1  with SUAVEMENTE, INC. involved in and legally responsible for the operation of the
2  websites at http://sukisuki69.com and http://2candys.com and for the events and damages
3  hereinafter referred to, and for the injuries and damages to Plaintiff. Plaintiff will ask
4  leave of court to amend this Complaint to insert the true names and capacities of such
5  fictitiously named Defendants when the same have been ascertained.

## JURISDICTION

6. This is a civil action for injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. §101; misappropriation of the right of publicity under common law; and unfair business practices under California's Business and Professions Code §17200.

7. This court has subject matter jurisdiction over Plaintiff's claims for copyright infringement, and related claims pursuant to 17 U.S.C. §101 and 28 U.S.C. §§1331 and 1338(a) & (b).

8. This court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. §1367(a) because these claims are so related to Plaintiff's claims under Federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. The court has personal jurisdiction over defendants. Defendants have purposefully availed themselves of the privilege of conducting activities in this forum, thereby invoking the benefits and protections of its laws. Defendants solicit, transact, and are doing business within the state of California. Defendants have committed unlawful and tortious acts both within and outside the state of California causing injury in California. Defendants have infringed and continue to infringe works clearly marked as belonging to Plaintiff, thus defendants acts are expressly aimed against Plaintiff, who is a resident of California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants and invocation of personal jurisdiction is reasonable.

///
///

LARSON, GARRICK
& LIGHTFOOT, LLP

## VENUE

10. Venue is proper in this court pursuant to 28 U.S.C. §§1391(b),(c) & (d) and 1400(a).

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff DREAMROOM is a producer of motion pictures that it copyrights and licenses to others. None of the defendants is or ever has been a licensee of DREAMROOM's motion pictures or DREAMROOM's intellectual property rights in these films. Nonetheless, all of the defendants have been and are participating in a concerted scheme of misappropriating Plaintiff's motion pictures, copyrights, and other intellectual property rights.

12. DREAMROOM has invested, and continues to invest, substantial sums of money, as well as time, effort and creative talent, to produce its copyrighted works. In order to produce such works, DREAMROOM must make numerous payments, including, without limitation, fees for independent contractors, fees for camera and stage and lighting crews, actor fees, photographer fees, location costs, styling costs, make-up costs, production costs, equipment costs, travel costs, as well as public relations, legal and advertising costs.

13. More specifically, at all times relevant, defendants have engaged in a continuing pattern of unlawful conduct, including, without limitation, infringing DREAMROOM's copyrights through the repeated unauthorized reproduction, display, sale, commercial exploitation, utilization, and distribution of hundreds of motion pictures for which DREAMROOM owns the copyrights (collectively referred to herein as the "copyrighted works"). DREAMROOM's 262 copyrighted works infringed by defendants on both the http://2candys.com and http://sukisuki69.com websites are listed in Exhibit "A," which is incorporated herein by reference as though fully set forth. Plaintiff has obtained a certificate of registration for each of the copyrighted works, and true copies of the certificates are attached hereto collectively as Exhibit "B."

14. Within the last three years Plaintiff has discovered that two websites known as http://2candys.com and http://sukisuki69.com have distributed thousands of infringing

copies of the copyrighted works to internet users who purchase "memberships" through TMP to access the sites and the infringed works contained within.

15. DREAMROOM is informed, believes, and thereon alleges that Defendants SUAVEMENTE; TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, have at all material times owned, controlled and operated the internet domain names 2candys.com and sukisuki69.com.

16. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive are engaged in a scheme to infringe upon Plaintiff's rights in the following ways:

 a. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through one or more affiliates, obtain copies, which DREAMROOM believes may be pirated, of Plaintiff's copyrighted works and makes unlicensed, infringing copies of the copyrighted works;

 b. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through one of their affiliates, place these illegal copies on 2candys.com or sukisuki69.com where the illegal copies of the copyrighted works can be viewed by internet users who are members of the public;

 c. In addition to the infringing copies of each of the copyrighted works in its entirety, SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through their affiliates, create infringing derivative works from the copyrighted works, such as compendia of several copyrighted works, edited versions of copyrighted works, short clips from copyrighted works, and still photograph "screen shots" from copyrighted works, and place these infringing derivative works on their websites where the infringing derivative works can be viewed by internet users who are members of the public;

 d. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through their affiliates, sell internet users

"memberships" to 2candys.com and or sukisuki69.com that allow members to view and download infringing copies of Plaintiff's copyrighted works, and to view and download infringing derivative works created from plaintiff's copyrighted works;

  e. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through their affiliates, process the credit card purchases of memberships in 2candys.com or sukisuki69.com thereby funneling to SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, all of the revenues from those two sites;

  f. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through their affiliates, disguise the infringement of plaintiff's copyrighted works by numerous improper means, including removing the copyright notice and other copyright management information from the infringing copies of Plaintiff's copyrighted works, blocking internet access to 2candys.com and or sukisuki69.com by internet addresses that Defendants or their affiliates believe are associated with Plaintiff; and

  g. SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, directly or through their affiliates, create an elaborate structure to disguise Defendants' direct ownership, control and operation of 2candys.com and sukisuki69.com, which includes the use of shell or sham corporations, fictitious business names, multiple locations of infringing content, complex interlocking internet "links" to infringing content, and the use of purportedly unaffiliated individuals and entities that are in reality agents, affiliates, and alter egos of Defendants.

17. DREAMROOM is informed, believes and thereon alleges that the infringing websites and the individuals among DOES 1-10 that own SUAVEMENTE, TMP and or THE MEDIA PLANET control and manage each infringing website and are each individually directly, contributorily and or vicariously liable for Plaintiff's claims alleged

herein because each such infringing website is involved in the comprehensive scheme to infringe Plaintiff's copyrighted works in one or more specific ways itemized in paragraphs 16a through 16g above.

18. DREAMROOM is informed, believes, and thereon alleges that SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive, their affiliates, and each of them, has direct, contributory and vicarious liability for Plaintiff's claims alleged herein because each is actively involved in the scheme to infringe upon Plaintiff's copyrighted works in one or more of the specific ways itemized in paragraphs 16a through 16g above.

19. After discovering the infringing material contained on 2candys.com and sukisuki69.com and identifying their internet service provider ("ISP") as Xeex Communications, DREAMROOM sent take down notices to ISP XeeX Communications requesting that the infringing websites refrain from further displaying the pirated material. DREAMROOM was informed by XeeX Communications, believes, and thereon alleges that ISP XeeX Communications informed SUAVEMENTE, TMP, THE MEDIA PLANET, DOES 1-10, inclusive, and their principals, owners, operators, affiliates and customers that they were infringing on DREAMROOM's copyrighted works. Defendants have since removed most if not all of the infringing material from their websites, but have made no compensation to Plaintiff for the infringement of the copyrighted works or disgorgement of the profits made from those infringements.

20. DREAMROOM has never authorized any Defendant to manufacture, use, promote, market, sell, display, commercially exploit, create derivative works from, or distribute DREAMROOM's Copyrighted works.

21. DREAMROOM is informed, believes, and thereon alleges that SUAVEMENTE, TMP, THE MEDIA PLANET, and DOES 1-10, inclusive have each committed acts and made representations to conceal from Plaintiff their participation in the acts of infringement and other violations of Plaintiff's rights alleged herein. Defendants committed these acts and made these representations knowing and intending that Plaintiff would rely on these false representations to conclude that none of these entities or persons

had any involvement in, knowledge of or liability for the infringement of Plaintiff's copyrighted works.

## FIRST CAUSE OF ACTION

(Copyright Infringement—Public Performance under 17 U.S.C. §501)

22. The Plaintiff repeats and realleges the previous paragraphs 1-21 as though fully set forth herein.

23. Defendants, without the permission or consent of Plaintiff, and without authority, have and are publicly performing and purporting to authorize the public performance of Plaintiff's registered copyrighted audiovisual works. Defendants did and do cause these works to be publicly performed upon request by users. Defendants' conduct constitutes direct infringement of Plaintiff's exclusive rights under Copyright Act §106(4) to publicly perform their copyrighted audiovisual works.

24. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

25. As a direct and proximate result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) of $150,000 per infringed work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. §504(b), Plaintiff shall be entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

26. Defendants' conduct is causing and, unless enjoined by this court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured by money damages. Plaintiff has no adequate legal remedy. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to a permanent injunction, and preliminarily pending the hearing and final determination of this action, requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

27. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505.

(Copyright Infringement—Public Display)

28. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

29. Defendants, without the permission or consent of Plaintiff, and without authority, have and are publicly displaying and purporting to authorize the public display of Plaintiff's registered copyrighted audiovisual works. Defendants cause these works to be publicly displayed by showing individual images of infringing video clips in response to searches for videos on Defendants' websites. Defendants' conduct constitutes direct infringement of Plaintiff's exclusive rights under Copyright Act §106(5) to publicly display its copyrighted audiovisual works.

30. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

31. As a direct and proximate result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) of $150,000 per infringed work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. §504(b), Plaintiff shall be entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

32. Defendants' conduct is causing and, unless enjoined by this court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured by money damages. Plaintiff has no adequate legal remedy. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to a permanent injunction, and preliminarily pending the hearing and final determination of this action, requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

33. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505.

/ / /

/ / /

(Copyright Infringement—Reproduction)

34. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

35. Defendants, without authority, made, are making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's registered audiovisual works. Defendants' conduct constitutes direct infringement of Plaintiff's exclusive right under Copyright Act §106(1) to reproduce its copyrighted audiovisual works.

36. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

37. As a direct and proximate result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) of $150,000 per infringed work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. §504(b), Plaintiff shall be entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

38. Defendants' conduct is causing and, unless enjoined by this court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured by money damages. Plaintiff has no adequate legal remedy. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to a permanent injunction, and preliminarily pending the hearing and final determination of this action, requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

39. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505.

(Copyright Infringement—Derivative Works)

40. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

41. Upon information and belief, Defendants and/or users of http://sukisuki69.com

and http://2candys.com, without the permission or consent of Plaintiff, and without its authority, have and are preparing derivative works consisting of Plaintiff's registered copyrighted audiovisual works. Defendants and/or users of http://sukisuki60.com and http://2candys.com prepare such derivative works by editing, cutting, reformatting and/or otherwise changing Plaintiff's audiovisual works before uploading them for display on the above named websites. Defendants' aforesaid conduct constitutes direct infringement of Plaintiff's exclusive rights under Copyright Act §106(2) to prepare derivative works.

42. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

43. As a direct and proximate result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) of $150,000 per infringed work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. §504(b), Plaintiff shall be entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

44. Defendants' conduct is causing and, unless enjoined by this court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured by money damages. Plaintiff has no adequate legal remedy. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to a permanent injunction, and preliminarily pending the hearing and final determination of this action, requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

45. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505.

### SECOND CAUSE OF ACTION
(Vicarious Copyright Infringement)

46. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

47. Without authorization, individuals have reproduced, distributed, created

derivative works and publicly displayed Plaintiff's works by and through sukisuki69.com and 2hardcandys.com thereby directly infringing Plaintiff's copyrighted works.

48. Defendants had the right and ability to control the infringing acts of the individuals who provided Plaintiff's works to sukisuki69.com and 2hardcandys.com as described herein.

49. Defendants obtained a direct financial benefit from those infringing activities.

50. Defendants' acts of infringement have been willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiff.

51. The acts and conduct of defendants, as alleged above in this Complaint, constitute vicarious copyright infringement.

### THIRD CAUSE OF ACTION

(Contributory Copyright Infringement)

52. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

53. Without authorization, individuals have reproduced, distributed, created derivative works and publicly displayed Plaintiff's works by and through sukisuki69.com and 2hardcandys.com thereby directly infringing Plaintiff's copyrighted works under 17 U.S.C. §§106(1),(2),(4) & (5).

54. Defendants contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display plaintiff's works by and through sukisuki69.com and 2hardcandys.com without regard to the ownership of the works.

55. Defendants designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's copyrighted works by reproducing, distributing, and publicly performing such works by and through sukisuki69.com and 2hardcandys.com.

56. Defendants' acts of infringement have been willful, intentional and purposeful, in

LARSON, GARRICK
& LIGHTFOOT, LLP

12

disregard of and indifferent to the rights of Plaintiff.

57. Defendants had actual or constructive knowledge of the infringing activity or engaged in willful blindness to avoid knowledge of the infringing activity which could not occur without Defendants' enablement.

### FOURTH CAUSE OF ACTION

(Unfair Business Practices Cal. B&P Code §17200—Violation of 18 U.S.C. §2257)

58. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

59. California Business & Professional Code §17200 provides for injunctive and other relief against any "unlawful, unfair, or fraudulent business act or practice." As set forth above, Defendants are engaged in, and, unless enjoined from doing so, will continue to engage in unfair and fraudulent conduct.

60. Defendants are distributors of sexually explicit material within the meaning of 18 U.S.C. §2257 and the implementing regulations.

61. Defendants have committed and are continuing to commit acts of unfair competition as defined by §17200 by violating 18 U.S.C. §2257 and the implementing regulations. Such violations include Defendants' failure to maintain age verification records and failure to ensure that all sexually explicit material contains a disclosure as to where age verification records are maintained.

62. Defendants' failure to follow the record keeping and labeling requirements of 18 U.S.C. §2257 constitutes an unlawful business practice within the meaning of §17200.

63. As a direct and proximate result of the aforementioned acts, Defendants received and continue to receive an economic benefit by failing to adhere to the requirements of 18 U.S.C. §2257 and the implementing regulations.

64. Defendants have engaged in, and are continuing to engage in, fraudulent, unfair, and unlawful conduct including but not limited to, knowingly failing to maintain proper age verification records and transferring or selling sexually explicit material without proper labeling as required under 18 U.S.C. §2257(f).

65. Injury to plaintiff is continuing and will continue unless defendants' actions are restrained by the court. Unless defendants are enjoined from engaging in their wrongful conduct plaintiff will suffer further irreparable harm from which plaintiff will have no adequate legal remedy.

66. Plaintiff is entitled to a permanent injunction and, pending the hearing and final determination of this action, a preliminary injunction enjoining defendants from the acts of unfair unlawful and fraudulent business practices set forth above, and to reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (ACCOUNTING)

67. Plaintiff repeats and realleges the previous paragraphs 1 – 21 as though fully set forth herein.

68. Under 17 U.S.C. §504, Plaintiff is entitled to statutory damages or Plaintiff's actual damages and all Defendants' profits attributable to the illegal acts herein described.

69. The amount of compensatory damages due from defendants to Plaintiff is unknown at this time and cannot be ascertained without a detailed accounting by Defendants of the precise number of visitors to their websites, the number of views of Plaintiff's works from Defendants' websites, and the amount of income generated by the websites.

70. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendants.

### PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendants as follows:**

1. For a declaration that Defendants' websites willfully infringe Plaintiff's copyrights both directly and secondarily.

2. For a permanent injunction and preliminarily pending the hearing and final determination of this action, requiring that defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, assigns, and all

persons acting in concert or participation with each of them, cease directly or indirectly infringing or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Plaintiff's respective copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

3. For maximum statutory damages pursuant to 17 U.S.C. §504(c) of $150,000 per infringed work. Alternatively, at Plaintiff's election, pursuant to U.S.C. §504(b), for actual damages plus Defendants' profits from infringement, as will be proven at trial.

4. For a permanent injunction and preliminarily pending the hearing and final determination of this action, requiring that Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, assigns, and all persons acting in concert or participation with each of them, cease directly or indirectly violating 18 U.S.C. §2257 or causing, enabling, facilitating, encouraging, promoting, and inducing or participating in the violation of 18 U.S.C. §2257.

5. Pursuant to Business and Professions Code §17203 and 17535 and pursuant to the equitable powers of this court, Plaintiff prays that the Defendants be ordered to restore all funds acquired by means of any act or practice determined by this court to be unlawful or fraudulent or to constitute an unfair business practice under B&P Code §17200.

6. For Plaintiff's costs, including reasonable attorney's fees pursuant to 17 U.S.C. §505, Cal.Civ. Code §3344, and Cal.Code of Civ. Pro. §102.5.

7. For pre- and post judgment interest according to law.

8. For such other and further relief as the court may deem just and proper.

DATED: August 10, 2011           LARSON, GARRICK & LIGHTFOOT, LLP

By: _____
ARNOLD D. LARSON
Attorneys for Plaintiff
DREAMROOM PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

**CV11- 6604 JFW (SSx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DREAMROOM PRODUCTIONS, INC., a California Corporation

**DEFENDANTS**
SUAVEMENTE, INC., a California Corporation; TMP, a business organization, form unknown; THE MEDIA PLANET, a business organization, form unknown; and DOES 1-10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ARNOLD D. LARSON, ESQ. [SBN 77118]
JOHN M. GARRICK, ESQ. [SBN 108321]
LARSON, GARRICK & LIGHTFOOT, LLP
801 South Figueroa Street, Suite 1750
Los Angeles, CA 90017
213 / 404-4100

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ $150,000 per infringed work

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1) COPYRIGHT INFRINGEMENT (Reproduction, Distribution, Public Performance, Public Display); 2) VICARIOUS COPYRIGHT INFRINGEMENT; 3) CONTRIBUTORY COPYRIGHT INFRINGEMENT (including Inducement); 4) UNFAIR BUSINESS PRACTICES (Cal. B&P Code §17200);; and 4) ACCOUNTING.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: LACV11-6604

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
CCD-JS44

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Suavemente, Inc.:  San Diego County<br>Other Defendants:   Unknown |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  August 8, 2011
                                        Arnold D. Larson

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
for the
CENTRAL District of California

DREAMROOM PRODUCTIONS, INC., a California Corporation,

Plaintiff,

vs.

SUAVEMENTE, INC., a California Corporation; TMP, a business organization, form unknown; THE MEDIA PLANET, a business organization, form unknown; and DOES 1-10 inclusive,

Defendants.

Civil Action No.

LACV11-6604 JFW (SSx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

ARNOLD D. LARSON, ESQ., SBN 77118
JOHN M. GARRICK, ESQ., SBN 108321
LARSON, GARRICK & LIGHTFOOT, LLP
801 South Figueroa Street, Suite 1750
Los Angeles, California 90017
Tel.: (213) 404-4100 / Fax: (213) 404-4123

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ORIGINAL

Date: AUG 1 1 2011

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

AO-440

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: