1  ARNOLD D. LARSON, ESQ., SBN 77118
   (alarson@lgl-law.com)
2  JOHN M. GARRICK, ESQ., SBN 108321
   (jgarrick@lgl-law.com)
3  LARSON, GARRICK & LIGHTFOOT, LLP
   801 South Figueroa Street, Suite 1750
4  Los Angeles, California 90017
   Tel.: (213) 404-4100 / Fax: (213) 404-4123
5
6  Attorneys for Plaintiff,
   DREAMROOM PRODUCTIONS, INC.          **NOTE CHANGES MADE BY THE COURT**

7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| 11 | DREAMROOM PRODUCTIONS, INC., a California Corporation, | CASE NO: CV 11-6604 JFW (SSx) |
|---|---|---|
| 12 | | [Honorable John F. Walter / Ct. Rm 16] |
| 13 | Plaintiff, | |
| 14 | vs. | **STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |
| 15 | | |
| 16 | RYO TAMURA, an individual; SUAVEMENTE, INC., a California Corporation now known as N2V, Inc.; VANGO MEDIA GROUP, INC., a Delaware Corporation based in Newport Beach, CA; and SUNNY WEST CORP., a Panamanian Corporation, | **DISCOVERY MATTER** |
| 17 | | |
| 18 | | |
| 19 | | Trial Date:              NONE |
| 20 | | Third Amd Complaint:  05/03/13 |
| 21 | Defendants. | Second Amd Complaint: 08/10/12 First Amd Complaint:  09/02/11 Complaint Filed:      08/11/11 |
| 22 | | |

23      This Order is meant to govern the use of, and protect from public disclosure, any non-
24 public and confidential or proprietary information used or disclosed in this litigation.
25      In accordance with Federal Rule of Civil Procedure 26(c), this Court's Civil Local Rules
26 and any other applicable law, Plaintiff Dreamroom Productions, Inc. and Defendant N2V, Inc.
27 fka Suavemente, Inc. stipulate as follows:
28                                                    **NOTE CHANGES MADE BY THE COURT**

LARSON, GARRICK
& LIGHTFOOT, LLP

1. PURPOSES & LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

    a. "Party": Any party to this action, including all of its officers, directors, employees, consultants, retained experts, outside counsel, and their collective support staff.

    b. "Disclosure or Discovery Material": All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to the discovery in this matter.

    c. "Confidential" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

    d. "Highly Confidential—Attorneys' Eyes Only" Information or Items: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    e. "Receiving Party": A party that receives Disclosure or Discovery Material from a

Producing Party.

f. "Producing Party": A Party or non-party that produces Disclosure or Discovery Material in this action.

g. "Designating Party": A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

h. "Protected Material": Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

i. "Outside Counsel": Attorneys who are not employees of a Party but are retained to represent or advise a Party in this action.

j. "House Counsel": Attorneys who are employees of a Party.

k. "Counsel" (used without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

l. "Expert": A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee, officer or director of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee, officer or director of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

m. "Professional Vendors": Persons or entities that provide litigation support services (e.g. photocopying; videotaping; translating; preparing exhibits or demonstration; organizing, storing retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

LARSON, GARRICK
& LIGHTFOOT, LLP

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court shall retain jurisdiction to enforce the terms of the Order for a period of six months after final termination of the action.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    a.    <u>Exercise of Restraint & Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties), expose Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    b.    <u>Manner & Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5(b)(i) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    i.  <u>For information in documentary form</u> (apart from transcripts of

depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion of portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level or protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY").

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

ii. <u>For testimony given in deposition or in other pretrial or trial proceedings</u> that the Party or non-party offering or sponsoring the testimony identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portion of the testimony that qualifies as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

1  the record (before the proceeding is concluded) a right to have up to 20 days to identify the
2  specific portions of the testimony as to which protection is sought and to specify the level of
3  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'
4  EYES ONLY"). Only those portions of the testimony that are appropriately designated for
5  protection within the 20 days shall be covered by the provisions of this Stipulated Protective
6  Order.

7  Transcript pages containing Protected Material must be separately bound by the court
8  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY
9  CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering
10 or sponsoring the witness or presenting the testimony.

11          iii.  <u>For information produced in some form other than documentary, and for
12 any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of
13 the container or containers in which the information or item is stored the legend
14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only portions
15 of the information or item warrant protection, the Producing Party, to the extent practicable,
16 shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as
17 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

18     c.  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
19 designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
20 ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to
21 secure protection under this Order for such material. If material is appropriately designated as
22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" after material
23 was initially produced, the Receiving Party, on timely notification of the designation, must make
24 reasonable efforts to assure that the material is treated in accordance with the provisions of this
25 Order.

26  6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>
27      a.  <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
28 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

1  economic burdens, or a later significant disruption or delay of the litigation, a Party does not
2  waive its right to challenge a confidentiality designation by electing not to mount a challenge
3  promptly after the original designation is disclosed.

4      b. <u>Meet & Confer</u>. A Party that elects to initiate a challenge to a Designating Party's
5  confidentiality designation must do so in good faith and must begin the process by conferring
6  directly ~~(in voice-to-voice dialogue; other forms of communication are not sufficient)~~ *pursuant to Local Rule 37-1,* with
7  counsel for the Designating Party. *See L.R. 37-1.* ~~In conferring, the challenging Party must explain the basis for~~
8  ~~its belief that the confidentiality designation was not proper and must give the Designating Party~~
9  ~~an opportunity to review the designated material, to reconsider the circumstances, and, if no~~
10 ~~change in designation is offered, to explain the basis for the chosen designation.~~ A challenging
11 Party may proceed to the next stage of the challenge process only if it has engaged in this meet
12 and confer process first.

13     c. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality
14 designation after considering the justification offered by the Designating Party ~~may file and serve~~
15 *must follow the procedures of L.R. 37.* ~~a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)~~ ~~that~~
16 ~~identifies the challenged material and sets forth in detail the basis for the challenge.~~ Each such
17 motion must be accompanied by a competent declaration that affirms that the movant has
18 complied with the meet-and-confer requirements imposed in the preceding paragraph and that
19 sets forth with specificity the justification for the confidentiality designation that was given by
20 the Designating Party in the meet-and-confer dialogue.

21     The burden of persuasion in any such challenge proceeding shall be on the Designating
22 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
23 question the level of protection to which it is entitled under the Producing Party's designation.

24   7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>
25     a. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
26 produced by another Party or by a non-party in connection with this case only for prosecuting,
27 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only
28 to the categories of persons and under the conditions described in this Order. When the litigation

LARSON, GARRICK
& LIGHTFOOT, LLP

has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

i. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

ii. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

iii. experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

iv. the Court and its personnel;

v. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

vi. during their depositions or at hearings, witnesses where it appears on the face of the document or other item or from other documents or testimony that the CONFIDENTIAL information or item as been received or authored by that witness, or communicated to that witness, or it otherwise appears on the face of the document or other item that the document or item contains information about which it appears reasonably likely that the witness has discoverable information. Witnesses shall not be permitted to retain copies of CONFIDENTIAL materials or exhibits. Pages of transcribed deposition testimony or exhibits to

1  depositions that reveal Protected Material must be separately bound by the court reporter and
2  may not be disclosed to anyone except as permitted under this Stipulated Protective Order.
3      vii. the author of the document or the original source of the information.
4    c. <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u>
5  <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the
6  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
7  CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:
8      i. the Receiving Party's Outside Counsel of record in this action, as well as
9  employees of said Counsel to whom it is reasonably necessary to disclose the information for this
10 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
11 hereto as Exhibit A;
12     ii. No more than two House Counsel of a Receiving Party (1) who have no
13 involvement in copyright prosecutions involving the copyrighted material, (2) to whom
14 disclosure is reasonably necessary for this litigation, and (3) who have signed the "Agreement to
15 Be Bound by Protective Order" (Exhibit A);
16     iii. Experts (as defined in this Order) (1) to whom disclosure is reasonably
17 necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective
18 Order" (Exhibit A) and (3) as to whom the procedures set forth in paragraph 7(d) below, have
19 been followed;
20     iv. the Court and its personnel;
21     v. court reporters, their staffs, and professional vendors to whom disclosure
22 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
23 Protective Order" (Exhibit A); and
24     vi. the author of the document or the original source of the information.
25   d. <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL—</u>
26 <u>ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>
27     i. Unless otherwise ordered by the court or agreed in writing by the
28 Designating Party, a Party that seeks to disclosure to an "Expert" (as defined in this Order) any

1  information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
2  ONLY" first must make a written request to the Designating Party that (1) sets forth the full name
3  of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the
4  Expert's current resume, (3) identifies the Expert's current employer(s), and (4) lists any other
5  cases or arbitrations in which the Expert has testified as an expert at trial or by deposition within
6  the preceding four years.

7  ii. A Party that makes a request and provides the information specified in the
8  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,
9  within seven court days of delivering the request, the Party receives a written objections from the
10 Designating Party. Any such objection must set forth in detail the grounds on which it is based.

11 iii. A Party that receives a timely written objection must meet and confer with
12 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
13 agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert
14 may file a motion as provided ~~in Civil Local Rule 7 (an in compliance with Civil Local Rule 79-5,~~ Local Rule 37.
15 ~~if applicable) seeking permission from the court to do so.~~ Any such motion must describe the
16 circumstances with specificity, set forth in detail the reasons for which the disclosure to the
17 Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and
18 suggest any additional means that might be used to reduce that risk. In addition, any such
19 motion must be accompanied by a competent declaration in which the movant describes the
20 parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet
21 and confer discussions) and sets forth the reasons advanced by the Designating Party for its
22 refusal to approve the disclosure.

23 In any such proceeding the Party opposing disclosure of the Expert shall
24 bear the burden of proving that the risk of harm that the disclosure would entail (under the
25 safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to
26 its Expert.

27
28

LARSON, GARRICK
& LIGHTFOOT, LLP

10

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

LARSON, GARRICK
& LIGHTFOOT, LLP

11

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION.

Unless otherwise ordered or agreed to in writing, the Producing Party will have sixty days after the final termination of this action to request return all Protected Material from the Receiving Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copy that contains or constitutes Protected Material remains subject to this Protective Order as set forth in Section 4 (DURATION) above.

12. MISCELLANEOUS

a. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: June 10, 2013                LARSON, GARRICK & LIGHTFOOT, LLP

                                    By:_____/s/ John M. Garrick_____
                                         JOHN M. GARRICK
                                         Attorneys for Plaintiff
                                    DREAMROOM PRODUCTIONS, INC.


DATED: June 10, 2013                LAW OFFICES OF MICHAEL JASON LEE

                                    By:_____/s/ Michael Jason Lee_____
                                         MICHAEL JASON LEE
                                         Attorneys for Plaintiff
                                    N2V, INC. fka SUAVEMENTE, INC.


PURSUANT TO STIPULATION, FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 12, 2013                _____/s/ Suzanne H. Segal_____
                                    Honorable Suzanne H. Segal
                                    Chief Magistrate Judge, Central District CA

All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"

## CERTIFICATE OF SERVICE

I certify that on June 10, 2013 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

           / s / Albert Barbosa
           Albert Barbosa

## Albert Barbosa

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, June 10, 2013 3:04 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:11-cv-06604-JFW-SS Dreamroom Productions Inc v. Suavemente Inc et al Stipulation for Protective Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Garrick, John on 6/10/2013 at 3:03 PM PDT and filed on 6/10/2013
**Case Name:**     Dreamroom Productions Inc v. Suavemente Inc et al
**Case Number:**   2:11-cv-06604-JFW-SS
**Filer:**         Dreamroom Productions Inc
**Document Number:** 68

**Docket Text:**
**STIPULATION for Protective Order filed by Plaintiff Dreamroom Productions Inc.(Garrick, John)**

**2:11-cv-06604-JFW-SS Notice has been electronically mailed to:**

Arnold Douglas Larson     alarson@lgl-law.com, aneblina@lgl-law.com, drewlarson@lgl-law.com

Edward D Totino     edward.totino@dlapiper.com, ann.lozinski@dlapiper.com, docketingla@dlapiper.com

John Morrison Garrick     jgarrick@lgl-law.com, abarbosa@lgl-law.com

Michael Jason Lee     michael@mjllaw.com

**2:11-cv-06604-JFW-SS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document

1

**Original filename:** C:\fakepath\Proposed Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/10/2013] [FileNumber=15741126-0
] [918a350c3e2a62fcc13d6621102ecf9937bac9b495aff812d32cf1e2c02dfd37977
7db329b24ccf989da2aacff1d76c6838b88ae89717018c4e4045fdb01c642]]